UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARBARA B., | ) |
|     Plaintiff | ) ) ) |
| v. | )     2:22-cv-00226-JDL ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand for further proceedings.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the September 1, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 10), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff had no severe impairments through June 30, 2017, her date last insured. Plaintiff, therefore, was not entitled to Title II benefits. The ALJ found that as of July 1, 2017, Plaintiff had the following severe, but non-listing impairments: irritable bowel syndrome, cluster headaches, and major depressive disorder.

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with certain nonexertional limitations. According to the ALJ, Plaintiff is limited to simple, one to three step tasks performed over two-hour blocks of time and can adapt to routine workplace changes. Plaintiff would also require the frequent use of the bathroom (i.e., up to five to ten percent of the workday).

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of sorter, table worker, and final assembler. (R. 28-29.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981).  "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### DISCUSSION

Plaintiff contends that in forming the RFC, the ALJ impermissibly based his RFC determination on his lay assessment of the medical evidence and, relatedly, erred in his assessment of Plaintiff's ability to perform work that exists in sufficient numbers in the national economy.  Plaintiff maintains that based on the vocational expert's testimony, she was entitled to a favorable result under the Grids (20 C.F.R., Subpart P, Part 404, Appendix 2).

### A.  RFC Determination

The medical opinion evidence of record is provided by state agency consultants Donald Trumbull, M.D., and David Camenga, M.D., Plaintiff's treatment provider Warren Chin, D.O., consultative examiner Robert Phelps, M.D., and Family Nurse Practitioner Cynthia McGee.  The ALJ afforded great weight to the opinions of Drs. Trumbull and Camenga, who determined that Plaintiff's conditions were nonsevere. (R. 25.)

Dr. Chin opined that Plaintiff could only perform part-time sedentary work.  The ALJ gave very little weight to Dr. Chin's opinions. (R. 26.)  Likewise, the ALJ discounted the opinions of Dr. Phelps and FNP McGee, both of whom found Plaintiff to have much more significant limitations than the ALJ included in the RFC. (R. 26-27.)  Contrary to

Plaintiff's argument, the ALJ supportably discounted the opinions of Dr. Chin, Dr. Phelps, and FNP McGee. The ALJ reasonably identified notable inconsistencies between their opinions and both the medical record and Plaintiff's reported activity level. (R. 26-27.)

To assess a claimant's RFC, an "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment.") In general, an ALJ may not substitute his or her judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16. Because the ALJ supportably discounted the opinions of Dr. Chin, Dr. Phelps, and FNP McGee, and because Drs. Trumbull and Camenga did not opine as to Plaintiff's RFC, the ALJ did not rely upon a medical expert's RFC opinion when he determined Plaintiff's RFC. The question is whether the effect of Plaintiff's severe impairments on her job performance is apparent even to a lay person.

In his assessment of the RFC, the ALJ principally relied on Plaintiff's hearing testimony and information in the medical record. In that process, particularly when considering the impact of Plaintiff's major depressive disorder on Plaintiff's functionality, the ALJ interpreted the medical record.

4

In support of the RFC, without the benefit of an expert opinion, the ALJ contrasted the results of the mental health status examinations with the records that revealed Plaintiff occasionally presented with "a depressed/labile mood and tearful affect" to health care providers. (R. 25.)  He wrote, "[t]he overall benign findings during mental health status examinations regularly performed throughout the relevant period provide support for a finding that [Plaintiff] is capable of performing work within the above residual functional capacity." (*Id*.)  The ALJ evidently concluded that Plaintiff's major depressive disorder does not impact Plaintiff's work capacity to the degree she asserts because the results of the mental health status examinations were, in the ALJ's view, relatively benign.  How, if at all, the result of a mental status examination informs the work capacity of a person with a major depressive disorder is not something that can reasonably be viewed as apparent to a lay person.

As noted by the First Circuit in *Manso-Pizzaro*, "ordinarily" an expert RFC opinion is "essential" for an ALJ's RFC assessment. 76 F.3d at 17 (quoting *Santiago*, 944 F.2d at 7).  The law recognizes, however, that in some limited circumstances, the impact of a severe impairment on a claimant's RFC might be apparent to a lay person.  The impact of Plaintiff's major depressive disorder on Plaintiff's work capacity is not a circumstance that would permit a deviation from the "ordinary" rule.

### B. Vocational Evidence

The ALJ's argument that the vocational evidence requires the Court to remand the matter and order the payment of SSI benefits fails.  The hypothetical posed to the vocational expert (VE) provided for sedentary work, but the ALJ's RFC determination did not limit

Plaintiff to sedentary work.  An ALJ, not a VE, establishes the RFC.  *See Gilson v. Colvin,* No. 1:12-cv-376-GZS, 2013 WL 5674359, at *2 (D. Me. Oct. 17, 2013) (the question of a claimant's RFC is "among the issues reserved to the commissioner.") The RFC established by the ALJ is less restrictive than the hypothetical posed to the VE.  The fact that the ALJ's RFC is less restrictive than the hypothetical does not require remand.  As one court recently explained:

> But the inclusion of such limitations in the hypothetical and not in the RFC does not prejudice Plaintiff; in fact, a *more* restrictive hypothetical to the vocational expert necessarily would result in expert testimony regarding a *narrower* range of potential jobs that exist in the national economy than would have resulted from a less restrictive hypothetical. Accordingly, any error that could be assigned based on the ALJ's inclusion of Plaintiff's non-exertional mental limitations—limitations that are supported by substantial evidence in the record—as part of the hypothetical to the vocational expert but not as part of the RFC in the decision is harmless.

*Rios v. Kijakazi*, No. 20-CV-4369 (KMK) (AEK), 2022 WL 3928565, at *10 (S.D.N.Y. Aug. 8, 2022) (emphasis in original), report and recommendation adopted, 2022 WL 3927889 (S.D.N.Y. Aug. 31, 2022); *see also Stringer v. Comm'r of Soc. Sec.*, No. 2:15-CV-316-FTM-MRM, 2016 WL 4927578, at *4 (M.D.Fla. Sept. 16, 2016) (remand not warranted where ALJ used a more restrictive hypothetical than RFC).

The reasoning is sound and applies here. The ALJ's hypothetical included the restrictions adopted by the ALJ in his RFC determination.  The fact that the hypothetical included additional limitations does not preclude the ALJ from relying on the VE's testimony.  The ALJ's findings and the VE testimony do not require a remand with an award of benefits.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of April, 2023.