UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **BARBARA B.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:22-cv-00226-JDL |
| | ) |
| **KILOLO KIJAKAZI,** Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

Plaintiff Barbara B. seeks judicial review of the Social Security Administration Commissioner's final decision determining that she is not disabled and denying her claims for disability insurance benefits and supplemental security income ("SSI") under Title II and Title XVI (ECF No. 1). An administrative hearing was held on April 6, 2021,[1] and a decision denying the Plaintiff's claims was issued on September 1, 2021. After receiving an unfavorable decision from the Administrative Law Judge ("ALJ"), the Plaintiff's request for review was denied and she appealed that decision to this Court.

Pursuant to 28 U.S.C.A. § 636(b)(3) (West 2023) and D. Me. Local R. 16.3(a)(2), United States Magistrate Judge John C. Nivison held a hearing on the Plaintiff's Statement of Errors (ECF No. 13) on March 15, 2023. The Magistrate Judge filed his

---

[1] The Plaintiff's claims were initially heard in May 2018, with an unfavorable decision issued on May 15, 2018. After the Plaintiff challenged the appointment process of the ALJ assigned to her case, the decision was vacated, and the case was remanded to a different ALJ on December 11, 2019.

1

Recommended Decision with the Court on April 26, 2023 (ECF No. 20), recommending that the Court vacate the Commissioner's decision and remand for further expert testimony on the Plaintiff's Residual Functioning Capacity ("RFC"), with particular emphasis on any limitations arising from the Plaintiff's major depressive disorder. The Magistrate Judge also concluded that remand for the payment of SSI benefits beginning on the Plaintiff's 50th birthday under the Grid rules, 20 C.F.R., Subpart P, Part 404, Appendix 2 (West 2023), was not warranted. The Plaintiff filed an Objection and requested oral argument (ECF No. 22), as did the Commissioner (ECF No. 21). Both parties filed responses to the Objections (ECF Nos. 23, 25). I held a hearing on the Recommended Decision and Objections on July 20, 2023.

## I. DISCUSSION

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record and the attorneys' arguments, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. Although I ultimately concur with the Magistrate Judge's conclusions as set forth in his Recommended Decision, I do so with the following clarifications based on the parties' written submissions and July 20th oral arguments.

**A.    The Recommended Decision did not employ an "ironclad" approach**

First, in adopting the Magistrate Judge's recommendation that remand is warranted, I considered the Commissioner's argument that the Magistrate Judge

2

improperly applied an "ironclad rule" in his analysis of when an expert medical opinion is "essential" to an ALJ's RFC determination. *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991). My review of the Recommended Decision and relevant case authority leads me to conclude that the Magistrate Judge did not employ an "ironclad" approach, as the Commissioner argues. Moreover, the Magistrate Judge's approach is in keeping with First Circuit authority on the issue, and, for the reasons stated in the Recommended Decision, a remand is warranted for further expert testimony to determine the Plaintiff's mental RFC.

**B.   The ALJ's findings regarding Plaintiff's IBS are substantially supported by the record evidence**

Second, I have considered the Plaintiff's argument—raised in her Statement of Errors and again in her Objection—that the ALJ's findings as to the severity of her irritable bowel syndrome ("IBS") symptoms were unsupported by substantial evidence. Upon *de novo* review of the record, I conclude that the ALJ's findings regarding the Plaintiff's IBS symptoms, including his estimate that her symptoms would result in a 5-10% reduction in work capacity, are substantially supported by the record evidence. I also conclude that the ALJ did not "overstep the bounds of a lay person's competence" in assessing this aspect of the Plaintiff's RFC. *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). Moreover, the Plaintiff did not object to the ALJ's 5-10% estimate when he posed it to the vocational expert ("VE") at the administrative hearing. Thus, further expert testimony on remand shall be limited to the Plaintiff's major depressive disorder, as discussed in the Recommended Decision.

## C. Remand for calculation of SSI benefits under the Grid rules is unwarranted at this stage of the proceeding

Third, as to the Plaintiff's request for remand for an award of SSI benefits, resolution of this issue is premature in light of the need for further testimony on the Plaintiff's mental RFC. I do, however, note the following in response to the Plaintiff's proffered line of authority—submitted to the Court in writing on the date of oral argument (ECF No. 31)—regarding the Commissioner's burden at Step 5 and the sufficiency of the ALJ's hypothetical posed to the VE.

The Plaintiff points to three decisions—*Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995); *Gilberto F.E. v. Saul*, 470 F. Supp 3d 1127 (C.D. Cal. 2020); and *Davis v. Astrue*, No. 1:11-cv-00267-SA-JMV, 2021 WL 6757440 (N.D. Miss. 2012)—to argue that remand is appropriate for an award of SSI benefits. The Plaintiff contends that the Commissioner proved only that she was capable of performing sedentary jobs—based on the ALJ's hypothetical to the VE—and that accordingly, she would be considered disabled under the Grid rules and entitled to SSI benefits as of her 50th birthday.[2] The Magistrate Judge rejected this line of argument in his Recommended Decision, without comment as to the Commissioner's burden of proof, concluding that "[t]he fact that the hypothetical included additional limitations does not preclude the ALJ from relying on the VE's testimony." ECF No. 20 at 6.

Although the First Circuit has not addressed the *Distasio* line of cases, several District Courts within the First Circuit have addressed and rejected certain aspects

---

[2] Section 201(g) of the Grid rules provides: "Individuals approaching advanced age (age 50–54) may be significantly limited in vocational adaptability *if they are restricted to sedentary work*. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. . . ." (emphasis added).

4

of the *Distasio* decision. *See Foxworth v. Colvin*, 249 F. Supp. 3d 585, 589-90 (D. Mass. 2017) (noting circuit split involving *Distasio* and rejecting the Ninth Circuit's approach to whether an RFC must be adjusted if a VE fails to identify sufficient jobs at a specified RFC); *Thomas P. v. Berryhill*, No. 17-337 WES, 2018 WL 4629249, at *5 (D.R.I. Sept. 27, 2018) (noting that "[w]ith the exception of one unpublished decision from the Tenth Circuit, which issued soon after *Distasio* was decided, *Distasio* has been soundly rejected by every court outside the Ninth Circuit that has considered the issue," and concluding that "if the VE testifies that only sedentary jobs would be available despite the ability to do more than sedentary work, the ALJ is not required to adjust the in-between RFC to conform to the VE's testimony" (citation omitted)).

I am also not persuaded that *Distasio*, if followed, applies under the circumstances of this case. Here, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations, and then posed hypotheticals to the VE based on a more limited set of functional capabilities that ultimately were not incorporated into the RFC. The VE responded that there were at least three sedentary-level jobs that the Plaintiff would be capable of performing. This was not a circumstance in which the Plaintiff's capabilities fell between two, close exertional classifications requiring a VE's testimony to further refine the subcategory of jobs the Plaintiff could perform, as was the case in *Distasio* and other comparable cases. *See, e.g.*, *Gilberto F.E.*, 470 F. Supp 3d at 1131.

Other courts have reached similar conclusions questioning the *Distasio* line of reasoning as it applies to circumstances comparable to those presented here. *See, e.g.*, *Bryant v. Comm'r, Soc. Sec. Admin.*, No. 5:19-cv-00121-HNJ, 2020 WL 4691363, at *4 (N.D. Ala. May 20, 2020) (concluding that an ALJ is not required to "identify occupations belonging to each exertional classification" because the Step 5 burden may be satisfied "by articulating only *one* occupation existing in significant numbers in the national economy"), *report and recommendation adopted*, No. 5:19-cv-00121-CLS, 2020 WL 4437479 (N.D. Ala. June 19, 2020); *Carrithers v. Astrue*, No. 10-cv-03053-CMA, 2011 WL 5984721, at *3 (D. Colo. Nov. 30, 2011) (citing *Distasio*, the court noted that it was " aware of authority supporting the proposition that if the VE identifies only sedentary jobs, the ALJ is precluded from finding that a claimant with a light RFC is not disabled" but ultimately concluding that the *Distasio* line of cases was unpersuasive); *Bernadette H. v. Comm'r of Soc. Sec.*, No. 1:21-cv-20586-NLH, 2022 WL 17080743, at *5 n.9 (D.N.J. Nov. 18, 2022) (concluding that *Distasio*'s holding was unpersuasive under the particular facts of the case because "unlike in *Distasio*, the VE here did not testify that Plaintiff could only perform light work but offered cited jobs that happened to be at the light level in response to a hypothetical about a claimant who could perform work at all exertional levels").

Having considered the relevant caselaw, I concur with the Magistrate Judge's ultimate conclusion on this issue. The VE responded to the ALJ's hypothetical—which assumed a sedentary base level and accounted for nonexertional limitations—and testified that there were three jobs existing in significant numbers in the national

economy that the Plaintiff could perform. This is sufficient, based on the administrative hearing record, to satisfy the Commissioner's burden of showing that "work . . . exists in significant numbers either in the region where such individual lives or in several regions of the country."[3] 42 U.S.C.A. § 423(d)(2)(A) (West 2023). *See, e.g.*, *Gleason v. Colvin*, No. 1:15-cv-12-NT, 2015 WL 7013661, at *5 (D. Me. Oct. 15, 2015) ("This court has repeatedly held that a single available job is sufficient to carry the commissioner's burden at Step 5, so long as the job exists in significant numbers in the national economy."), *report and recommendation adopted*, No. 1:15-cv-012-NT, 2015 WL 7012739 (D. Me. Nov. 12, 2015).

Moreover, the fact that the ALJ included functional limitations that were *more restrictive* than the limitations ultimately included in the ALJ's RFC determination is harmless.[4] Had the ALJ posed a hypothetical that involved fewer limitations than those ultimately included in the RFC—which represents "the *most* [a claimant] can still do despite [her] limitations," *see* 20 C.F.R. § 404.1545(a)(1) (West 2023) (emphasis added)—this might be cause for remand. *See Gee v. Berryhill*, No. 2:17-cv-00001-DBH, 2017 WL 6337181, at *4 (D. Me. Dec. 12, 2017), *report and*

---

[3] Although it may be unlikely that further expert testimony regarding the Plaintiff's major depressive disorder would lead the ALJ to find additional *exertional* limitations, it is nonetheless possible that the ALJ's updated RFC determination may include additional nonexertional limitations that impact the Plaintiff's ability to perform work, including sedentary work. Thus, any decision at this stage as to whether the Commissioner met her burden previously has no bearing on the proceeding on remand.

[4] In terms of the nonexertional limitations posed to the VE, the ALJ adopted each of these limitations in his RFC determination. The more restrictive limitations in the hypothetical—including the ALJ's decision to start from a sedentary base—appear to have been drawn from the Plaintiff's subjective testimony, which the ALJ considered and ultimately discounted when explaining how he weighed the full record to reach an RFC determination.

*recommendation adopted*, No. 2:17-cv-01-DBH, 2018 WL 283240 (D. Me. Jan. 3, 2018). If, for example, the ALJ gave significant weight to the Plaintiff's testimony about her physical limitations in determining her RFC but failed to account for these limitations in a hypothetical, this deficiency might warrant remand. However, an ALJ is not required, as a matter of law, to pose hypotheticals regarding each level of job classification that a claimant may be capable of performing, so long as the hypotheticals reflect the full extent of the claimant's functional limitations and does not omit restrictions substantiated by the record evidence. *See Johnson v. Colvin*, 204 F. Supp. 3d 396, 415 (D. Mass. 2016).

Accordingly, I adopt the Magistrate Judge's recommendation that an order for remand for calculation of SSI benefits from February 5, 2021, onward based on the Grid rules, is not warranted at this stage of the proceeding, prior to further expert testimony.[5]

**D.    The ALJ's determinations as to Plaintiff's eligibility for Title II and Title XVI benefits are not "internally inconsistent"**

Finally, I am not persuaded by the Plaintiff's argument that the ALJ's determinations as to her eligibility for Title II and Title XVI benefits are internally inconsistent, and therefore arbitrary. The ALJ's conclusion about whether the Plaintiff suffered from severe impairments prior to her date of last insured reflected that the Plaintiff had failed to meet her burden of demonstrating that she was disabled prior to June 30, 2017, which required that she show "impairments that

---

[5] That is not to say that Rule 201.14 would not apply to the Plaintiff as of her 50th birthday if, after remand, the Commissioner ultimately proves that she is only capable of performing sedentary work.

significantly limited the ability to perform basic work-related activities for twelve consecutive months." ECF No. 9-2 at 17. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 404.1520(c) (West 2023). This finding, however, does not preclude the ALJ from also determining, based on the record evidence leading up to and following the date last insured, that she was suffering from "severe impairments" beginning July 1, 2017. Thus, because I concur with the Magistrate Judge's assessment that the ALJ's Title II eligibility determination was supported by substantial evidence, remand is limited to further testimony on the RFC determination for the Plaintiff's benefits claim beginning on July 1, 2017.

## II.  CONCLUSION

It is therefore **ORDERED** that the Recommended Decision (ECF No. 20) of the Magistrate Judge is hereby **ACCEPTED**, the Commissioner's decision is **VACATED**, and the matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C.A. § 405(g) (West 2023) for further administrative action consistent with this opinion.

**SO ORDERED.**

Date: August 28, 2023

                                                                 /s/ Jon D. Levy
                                             **CHIEF U.S. DISTRICT JUDGE**